IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
AUSTIN DIVISION

2019 MAR 21  PM 4: 14

MARIANNE GERACI,                    §
PLAINTIFF                           §
                                    §
                                    §    A19CV0340 LY
V.                                  §
                                    §

CITY OF AUSTIN,
MAYOR STEVE ADLER
CITY MANAGER, ELAINE HART
CRIMINAL PROSECUTION DIVISION,
BIANCA BENTZIN
CHASE GOMILLION
CITY OF AUSTIN ATTORNEY'S OFFICE,
ANN MORGAN
KING & SPALDING, L.L.P.
AND THEIR ATTORNEYS,
S. SALIYA SUBASINGHE
MIKE STENGLEIN
AUSTIN POLICE OFFICERS,
HUBERT ACEVEDO
JASON BORNE
JOSHUA DOZIER
GERADO GONZALEZ
MICHAEL BARGER,
DEFENDANTS

## COMPLAINT

TO THE HONORABLE COURT:

MARIANNE GERACI brings this action against the City of Austin (the "City") as well

as Austin City Prosecutors, Chase Gomillion, Bianca Bentzin; City Attorney, Ann Morgan;

Austin Police Officers Jason Borne, Gerado Gonzalez, Michael Barger and Hubert Acevedo;

City Management, Mayor Steve Adler and Elaine Hart, King & Spalding, L.L.P and their

individual private attorneys, Mike Stenglein and S. Saliya Subasinghe for injuries and damages

suffered by Marianne Geraci, pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Sixth and

Fourteenth Amendment of the United States Constitution. Geraci complies with the pleading

requirements of Fed. R. Civ. P. 8 (a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009), that "[a] claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for misconduct

alleged."

## I.    Parties

1.1 Marianne Geraci is a citizen of the United States, a resident of Williamson County Texas and

Resident of the City of Austin.

1.2 Defendant City of Austin is a municipal corporation located within the boundaries of the

Austin Division of the Western District of Texas. Defendant City of Austin can be served

through the City Manager, Spencer Cronk, at 301 West 2nd Street, 3rd Floor, Austin, Texas

78701.

1.4 Defendants, Mayor Steve Alder and Former City Manager Elaine Hart are and were at all

times relevant to this cause of action duly appointed and acting Executive Management of the

City of Austin. Defendants are sued in their official and individual capacities. Defendant

Officers can be served at their place of business, City Management's Office, 301 W. 2nd Street,

Austin, TX 78701.

1.5 Defendant Officers Joshua Dozier, Gerado Gonzalez and Michael Barger are and were at all

times relevant to this cause of action duly appointed and acting officers of the Austin Police

Department. Defendant Officers are sued in both their official and individual capacities.

Defendant Officers can be served at their place of business, Austin Police Department

Headquarters, 715 East 8th Street, Austin, Texas 78701.

1.6 Defendant Prosecutors, Bianca Bentzin and Chase Gomillion are and were at all times

relevant to this cause of action duly appointed and acting Prosecutors of the City of Austin.

Defendant are sued in their official and individual capacities.  Defendant Officers can be served

at their place of business, City of Austin Prosecutor's Office, 700 East 7th Street, Austin, Texas

78701.

1.7 Defendant City Attorney, Anne Morgan is and were at all times relevant to this cause of

action duly appointed and acting City Attorney for the City of Austin.  Defendant is sued in her

official and individual capacity.  Defendant Officers can be served at their place of business, City

of Austin Prosecutor's Office, 301 West 2nd Street, Austin, Texas 78701.

1.8 Defendants, King & Spalding, L.L.P. is and was at all times relevant to this cause of action

were acting as private law firm for the City of Austin.  Defendant is sued in its official and

individual capacity.  Defendant, King & Spalding L.L.P., can be served at their place of business,

King & Spalding, L.L.P., at their office location at 500 W. 2nd street, Suite 1800, Austin, TX

78701.

1.9 Defendants, Mike Stenglein and S. Saliya Subasinghe are and were at all times relevant to

this cause of action were acting as private party attorneys for the City of Austin.  Defendants are

being sued in their official and individual capacities.  Defendant, King & Spalding L.L.P., Mike

Stenglein and S. Saliya Subasinghe can be served at their place of business, King & Spalding,

L.L.P., at their office location at 500 W. 2nd Street, Suite 1800, Austin, TX 78701.

1.10 Defendant, Hubert Acevedo is and were at all times relevant to this cause of action as he

was thee acting Chief of Police for the City of Austin.  Defendant is being sued in his official and

individual capacities. Defendant can be served at his place of business, the City of Houston

Police Department at their location of 1200 Travis Street, Houston, TX 77002.

1.11 Defendant Officer Jason Borne is a former City of Austin Police Officer.  Officer Borne

was and were at all times relevant to this cause of action duly appointed and acting officer of the

Austin Police Department.  Defendant Officer is sued in his official and individual capacities.

Defendant Officer can be served at their place of business and home locations at the last know

addresses of 4016 Remington Drive, Cedar Park, TX 78613 and/or 215 Gonyo Lane, Richmond,

TX 77469-8311.

## II. Jurisdiction and Venue

2.1. Geraci brings these claims pursuant to 42 U.S.C. §§ 1983 and 1988, and these statutes

provide jurisdiction over Geraci's constitutional claims for redress, which are conferred on this

Court by 28 U.S.C. §§ 1343 (a)(3).

2.2. Federal question jurisdiction is conferred on this Court by 28 U.S.C. § 1331, because this

action arises under the Constitution and laws of the United States.

2.3. This Court has supplemental jurisdiction over all other claims asserted under the laws of the

State of Texas, pursuant to 28 U.S.C. § 1367(a) and 1391 (b).

2.4 This Court has personal jurisdiction over Defendant City of Austin, as it is a political

subdivision of the State of Texas, located within the boundaries of the Austin Division of the

United States District Court for the Western District of Texas.

2.5 This Court has personal jurisdiction over Defendant Officers Jason Borne, Joshua Dozier,

Gerado Gonzalez and Michael Barger as they reside in and/or work in the Western District of

Texas.

2.6 This Court has personal jurisdiction over King & Spalding, L.L.P. and their attorneys, Mike

Stenglein and S. Saliya Subasinghe as they reside in and/or work in the Western District of

Texas.

2.7 The Court has personal jurisdiction of Hubert Acevedo worked and resided in the Western

District when he was acting Chief of Police for the City of Austin, Texas.

### III. Duty And Applicable Law

4.1 Marianne Geraci was subjected to violation of was subjected to first amendment retaliation,

false arrest, bullying, harassment, intimidation, malicious and illegal prosecution, denial of

attorney, denial of an due process, unfair trial and police misconduct in violation of the rights

guaranteed to her by the Fourth, Sixth, Fourteenth Amendments of the United States Constitution

and by 42 U.S.C. § 1983, and 1988.

4.2 Geraci pursues this action pursuant to 42 U.S.C. § 1983, which provides in relevant part for

redress for every person within the jurisdiction of the United States for the deprivation, under

color of state law, of any rights, privileges, or immunities secured by the Constitution and laws

of the United States.

4.3 Defendant City of Austin, through policies, pattern and practice, acted under color of law and

is liable under 42 U.S.C. § 1983.

4.4 Defendant Officers Jason Borne, Joshua Dozier, Gerado Gonzalez, Hubert Acevedo and

Michael Barger were acting under color of law and as individuals and are liable under 42 U.S.C.

§ 1983.

4.5 Defendant City of Austin Prosecutor, Bianca Bentzin and Chase Gomillion and the City of

Austin Attorney, Ann Morgan were acting under color of law and as individuals and are liable

under 42 U.S.C. § 1983.

4.6 Defendant Mike Stenglein and S. Saliya Subasinghe, private attorneys were acting under color of law and as individuals and are liable under 42 U.S.C. § 1983.

4.7 Defendant King & Spalding, L.L.P was acting under color of law and as individual and is liable under 42 U.S.C. § 1983.

## IV. Statement of Facts

*Introduction*

5.1 Marianne Geraci has been a citizen of the City of Austin since she was eight years old. She still resides in Austin, TX, Williamson County. She is a proud and employed law-abiding citizen who pays her taxes and has no criminal record.

5.2 As an Austin citizen, Geraci has tried to make a difference in her community by taking an active approach and interest in local government. In the past several years, Geraci has contacted several City of Austin departments over the years to offer comments on city policies, procedures, process, etc.

5.3 One of Geraci's focuses has been providing the City of Austin Police Department with comments and feedback on public forums/fees, emails or through phone calls with regards to their public policies on policing the public. The Austin Police Department has not embraced her scrutiny of their policies and practices.

5.4 Geraci believes she had/has a First Amendment right of freedom of speech under the U.S. Constitution to make public statements about public officials, send emails, make contact by telephone with public officials namely the Austin Police Department. Geraci through her actions became an advocate for change in law enforcement with hopes to improve community policing and accountability. Geraci also has worked closely with the Austin Police Monitor's Office with regards to reporting these Defendant officers that violated her constitutional rights. Likewise,

the Police Monitor's Office has contacted Geraci on a few occasions seeking feedback on their operations.

5.5   The Austin Police Department apparently took great offense to Geraci's actions, statements and involvement with the Austin Police Monitor's Office. Geraci became the subject of police harassment, bullying, false arrest, using the police vehicle speaker system to publicly harass her, following her while jogging and issuing her multiple false traffic citations over the course of a several years.   This list above is not intended to be exhaustive. This is just some of the discriminatory actions taken by the Austin Police Department against Plaintiff as First Amendment retaliation.

5.6 Geraci also become a further advocate of for change within law enforcement across the U.S. and joined several related public Facebook pages. Some of the Facebook pages she was following were controlled and administered by police officers around the nation.  Geraci at times made written statements defending citizens and activists involving the police.  After her involvement in these public commentary forums and because of her contact with the Austin Police Department; Geraci was coincidentally pulled over 12 times in a very short span of time of 18-22 months by not only the Austin Police Department but other law enforcement agencies across the State of Texas.  Geraci was also personally harassed by non -uniform officers on multiple occasions.

5.7 Geraci factually believes she was inappropriately labeled as a "Police Activist or Hater" and unfairly targeted by the Austin Police Department without probable cause and given multiple false traffic citations. She was detained on several occasion by Austin Police Department which has led to this suit.

5.7 Geraci also believes she was also labeled by other law enforcement agencies for participating in social media forums as a "Police Activist or Hater" which brought on harassment, bullying and issuance of false traffic citations.

## CIVIL RIGHTS VIOLATIONS

5.8 Civil Rights Violation of November 27, 2013 - Geraci was targeted by the Austin Police Department and falsely detained without probable cause by three Austin Police Officers accusing Geraci of an unsafe lane change. Geraci signaled "seven" times and traveled 550 feet to make a legal lane change.  Geraci pleaded not guilty and proceeded to trial and was found "not guilty" by a jury.  Geraci represented herself at trial in May 2014.  Geraci followed up with two written complaints with signed affidavits to the Austin Office of the Police Monitor. Geraci also spoke to the officer's supervisors.

5.9 Civil Rights Violation of June 19, 2015- Defendant Officer Joshua Dozier issued Geraci a false traffic citation allegedly for speeding in the north bound lane on Highway 183, Austin, TX. Officer Dozier intentionally targeted the Defendant and issued a traffic citation based on erroneous radar readings and unlawfully detained Geraci.  In addition, Geraci's due process was violated when she was forced into a plea deal.  She was deprived of her due process and her right to a trial.  If Geraci, had not been falsely and illegally convicted on April 7, 2016 she would have "not" had to accept a plead deal in this case and could have proceeded to trial.  She could not proceed to trial knowing the Defendant had a pattern/custom of illegal prosecution activities. Geraci more than likely would have received the same due process violations similar to what occurred on the April 7, 2016 during the jury trial. Geraci was forced to accept a plea deal to avoid a second traffic conviction which ultimately would have cost Geraci her employment.

Geraci operates a motor vehicle for company business. Geraci would have been prohibited from operation of a company vehicle with two traffic citations.

5.10 Civil Rights Violation of September 5, 2015

Defendant Chief Art Acevedo sent two patrol vehicles to sit in front of Geraci's residence after she sent him a personal email stating that "he is not open to public criticism and takes illegal action against any citizens that publicly speak out about the police department. Defendant, Acevedo engages in first amendment right retaliation against the Plaintiff.

5.11 Civil Rights Violation of September 8, 2015

Defendant Officer Jason Borne issued Geraci a traffic citation with ½ mile of her residence on Avery Ranch Blvd. alleging at a speed of 55 mph in a 40- mph zone. Officer Borne made false accusations of speeding, obtain erroneous radar readings while improperly operating the radar equipment and unlawfully detained Geraci. The radar equipment is completely incapable or impossible to obtain an accurate reading/signal when the equipment is being improperly used as in this case. Borne recklessly aimed the radar equipment across a divided roadway directly into tree foliage. The solid tree trunks and tree foliage make it impossible to obtain an accurate radar reading pe the "manufacturer operators" guide. Also, there were other interfering factors within the vicinity such as a power transmissions plant and railroad crossing equipment that can create erroneous readings on radar equipment. Borne issued Geraci a traffic citation even though she was not speeding. Geraci plead not guilty and requested a trial by jury.

5.12 Civil Rights Violation of November 7, 2015

Officer Jason Borne followed Geraci around her neighborhood while she was jogging. Borne followed Geraci down the street and falsely detained Geraci for jogging on a residential street

within a subdivision citing her behavior was unsafe and she was not permitted to run on a subdivision street due to a State law which he failed to cite.  He proceeded to harass, intimidate and bully her during this illegal stop, and she was not permitted to leave at will. Officer Borne destroyed evidence by erasing part of the video recording that was unfavorable to his actions. Geraci made an immediate compliant to the Austin Police Department and the Austin Police Monitors Office.

5.13 Civil Rights Violation of March 21, 2016

Officer Jason Borne was again targeting Geraci in her neighborhood. She was within ½ mile from her home when she was issued another false citation for speeding. Defendant Borne was operating the radar equipment and aimed it towards a solid rock wall near tree foliage where it would have been impossible for him to obtain an accurate reading.  Also, the video shows there was another vehicle passing Geraci on the left.  Borne issued Geraci another traffic citation for speeding.  Geraci made an immediate compliant to the Austin Police Department and the Austin Police Monitors Office.

5.14 Civil Rights Violation of April 7, 2016

A court trial was held on this date at the Austin Municipal Court for Geraci's alleged speeding violation that occurred on September 8, 2015.  Geraci hired an attorney three months after receiving the citation.  Geraci had already severed the City of Austin with a discovery request for evidence, specifically related the radar equipment used in the traffic stop.  The City withheld the evidence from Geraci in the case and proceeded to trial.  The City Prosecutor's office did not represent the City of Austin/State in this case.  Instead, the City allowed a private practice attorney Defendant, S. Saliya Subasinghe from King & Spalding, L.L.P to represent the City of Austin/State. Geraci preceded to trial on April 7, 2106 and was convicted of speeding.   Geraci

decided to appeal the case because the City of Austin withheld exculpatory evidence and the City of Austin allowed a private practice attorney to represent the City/State in this case.

5.15 Civil Rights Violation of March 23, 2017

Travis County Court #4 ruled in Geraci's favor and remanded the case back to the City of Austin Municipal court for further action citing that the radar manual was exculpatory evidence. The City of Austin and the Defendants violated Geraci's right to due process and a fair trial with their prior actions.

5.16 Civil Rights Violation of April 7, 2017

Defendant Officer Jason Borne again followed Geraci down the highway in his police vehicle. He intentionally exited off the highway knowingly to harass, bully and intimidate Geraci. He pulled alongside of Geraci at a red light and rolled down his window. Defendant Borne screamed/threatened Geraci stating he could have issued her a traffic citation for crossing over a solid white line (which is not illegal). Borne proceeded to follow Geraci down Avery Ranch Blvd and used his police vehicle intercom to scream the Plaintiff's name "Marianne Geraci stop harassing me!". Borne laughed and mocked Geraci to publicly humiliate, bully and intimidate her since the City of Austin had just lost their case on appeal and as retaliation for making complaints against. Again, Defendant Borne erased and destroyed most of the video tape evidence and lied to his supervisors regarding the evidence. Geraci made an immediate compliant to the Austin Police Department and the Austin Police Monitors Office.

5.17 Civil Rights Violations of April 8- May 31, 2017- Officer Jason Borne was seen on multiple occasions parked within the Plaintiff's subdivision and in the roadway median directly in front of her subdivision as an attempt to intimidate, harass and bullying Geraci.

5.18 Civil Rights Violation of August 31, 2017 – The Municipal Court ordered a new trial after the City lost their appeals in June 2017 for the traffic speeding citation received on September 8, 2015.  Geraci believes this new trial proceeding order by the Court was illegal because it was a concurrent event related to the original conspiracy outlined in this suit.  The City of Austin denied Geraci's right to a due process as outlined below in causes of action section.

5.19 Unfortunately, the Plaintiff Geraci did not prevail in the case because the Defendants Gomillion, Bentzin and Borne and conspired with the Court to maliciously deprived the Plaintiff, Geraci of her Sixth and Fourteenth Amendment rights to her due process in the 2nd trial. Plaintiff Geraci never receive a chance to present the radar manual to the Jury because of Defendants malicious deprivation of her Sixth and Amendment rights to due process which created extreme emotional and mental anguish.  They bullied, intimated her throughout the discovery, pre-trial and trial phases.  The Defendants along with the Court engage any so many malicious and illegal tactics to deprive the Plaintiff of her constitutional rights to fair trial that Plaintiff never had a fair shot.

## V. Causes of Action

**1983 -Conspiracy Between the Defendants:**

6.1 "To prove a conspiracy between the state and private parties under [§] 1983, the Plaintiff must show an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each must at least share the common objective of the conspiracy."

6.2 The Defendants, City of Austin Attorneys, Bentzin and Morgan conspired with private parties Defendants, King & Spalding, L.L.P., Mike Stenglein, S. Saliya Subasinghe.  They shared the common objective of conspiracy to deprive citizens of their constitutional rights of

due process. They entered into a written contract that contradicts a Municipal Prosecutor's role

the duty owed to a criminal Defendant as stated in Texas Criminal Code of Procedure, Chapter

45.201.  The written contract was a conspiracy between the City and private party attorneys with

a sole mission "to gain valuable trial experience" and "to ease the burden to the City".  In other

words, the Defendants wanted to "win the cases at all costs" ignoring Geraci's rights for justice

and due process for criminal defendants.

6.3 The Defendants, Morgan and Bentzin engaged in a practice that is absolutely contradicts the

role as municipal prosecutors.   The Texas Code of Criminal Procedure, Art 45.201 (d) states "*It

is the primary duty of a municipal prosecutor not to convict, but to see that justice is done*".

Defendants, King & Spalding, L, L.P, Mike Stenglein, S. Saliya Subasinghe and Defendants,

City Prosecutors, Morgan and Bentzin conspired by written contract and eliminated the

Plaintiff's right to due process, right to a fair trial, right to avoid unreasonable delays and

illegally changed the mission/duties of a Municipal Prosecutor by seeking out "to gain valuable

trail experience" and "to reduce the burden to the City" at the Plaintiff's constitutional expense.

Geraci was unconstitutionally labeled as "a burden" by the City and private attorneys.

6.4 The Plaintiff will show the Court that she can prove a theory of conspiracy since Defendant

Bentzin, engaged in a further act of conspiracy in this case by allowing Defendant, Subsinghe to

prosecute the actual criminal traffic case against the Plaintiff on April 7, 2016. Defendant

Subsinghe illegally posed as a City Prosecutor and failed to disclose that he was a private

attorney.  Defendant Subsinghe, is not permitted to prosecute municipal criminal cases as

outlined in the T.C.C.P., 45.201 nor does he meet the qualifications outlined in T.C.C.P., Chapter

41.

6.5 The Defendants, Morgan and Bentzin named above waived their right to absolute immunity through their intentional act of engagement in conspiracy with private parties revolving around the administrative function of entering into a written contract for legal services that were beyond the scope of their official capacity.

6.6 Defendant Morgan and Bentzin acted outside of their official scope of their prosecutorial duties when they entered into a written contract which is an administrative function eliminating the absolute immunity defense. Prosecutorial immunity does not extend to those actions of a prosecutor which are "administrative" in nature.

6.7 Defendants, King & Spalding, L.L.P. and private party attorneys, Stenglein and Subasinghe have waived their right to qualified immunity through their actions as private attorneys. They shall not be permitted to even claim "good faith immunity defense" due to the conspiracy of engaging in a written contract where their sole mission was not "ensure that justice is done" but to obtain a self-serving agenda of "gaining valuable trial experience" along with the goal of "reducing the burden (Geraci) to the City". The Texas Code of Criminal Procedure, Art 45.201 (d) states "*It is the primary duty of a municipal prosecutor not to convict, but to see that justice is done*".

6.8 Defendants, King & Spalding, L.L.P and Subasinghe also defrauded Plaintiff's Defense council, the Plaintiff and the Jury in this case by concealing the fact they were not qualified through training/experience and sworn in as a City or an Assistant City Prosecutor.

6.9 The Plaintiff's due process was violated based on their concealment of this fact and by Defendant withholding evidence. Geraci had to appeal this case when she lost at trial. If this had been known prior to or during trial, the Plaintiff and her defense counsel could have objected to the private party's lack of training in criminal law, lack of qualifications, lack of access to

exculpatory evidence, causing unnecessary delays at trial and prosecutorial misconduct during trial. Prosecutors are required by law to be trained in criminal procedures per T.C.C.P. Chapter 41.

6.10 Defendant, Subasinghe specializes in international arbitration and litigation and not criminal law. Defendant Subasinghe lack of training and qualifications deprived Plaintiff her due process rights during discovery, pre-trial, trial and post trial.

6.11 Defendant Subasinghe does not qualify for absolute or qualified immunity because he was not permitted by law to prosecute the case in the first place. T.C.C.P., article 45.201 (a) and is a private party attorney.

6.12 Defendants, Bentzin and Morgan had no authority to appoint Defendant Subasinghe as a special prosecutor because they did not obtain the approval of the County Attorney. Furthermore, Defendant Morgan acted beyond the scope of her official duties by entering into a written contract for legal services without City Council's approval which is prohibited by the City of Austin Charter.

6.13 If it were not for Defendants illegal acts and Subasinghe withholding exculpatory evidence from the Plaintiff which violated her due process. The Defendants actions make this criminal case void along with all subsequent events which includes all appeals and the 2nd trial.

6.14 Defendants, King & Spalding, L.L.P., Stenglein and Subasinghe also conspired with Defendant Borne to illegally prosecute this case at trial on April 7, 2016 and ultimately depriving the Plaintiff of exculpatory evidence related to the Stalker radar equipment which was solely relied upon by Defendant Borne and Defendant Subasinghe to convict Geraci of the crime of speeding.

6.15 Defendants, The City of Austin Police Department along with their police officers conspired with other law enforcement agencies in the State. Plaintiff was subject to bullying, harassment, falsely detention and falsely issued criminal traffic citations in the same time frame.

6.16 The first trial was not focused on justice but about the private party attorney seeking "to gain valuable trial experience".

6.17 If it had not been for the illegal actions of the Defendants, Geraci would have not had to undergo an appeal and second trial in this matter.

6.18 As the result of the case being remanded back to the Austin Municipal Court, Geraci did not receive a fair trial in violation of her Sixth Amendment right to due process of a fair trial. The Defendant, Gomillion, Bentzin and Borne were solely focused on inflicting vengeance, retaliating and causing the Plaintiff extreme mental anguish through their criminal actions of official oppression. The Defendants, Gomillion and Bentzin were no longer able to act impartial and to ensure justice would be properly served.

6.19 Geraci's due process and right to a fair trial on August 31, 2017 was denied by the Defendant. The Plaintiff's access to an attorney for this new trial was prohibited by the Defendants and Court in July 2017. The Defendants, Gomillion and Bentzin had the Court issue an order of abomination to the Plaintiff prohibiting her from filling any Motions despite the fact the Municipal Court is a court of record. This criminal abomination by the Defendants prevented the Plaintiff from failing a Motion for Continuance to retain an attorney. This 2nd trial placed financial burdens on the Plaintiff that were caused by the Defendant violating Geraci's due process at the first trial. In addition to deny Geraci legal counsel, the Defendant ultimately jeopardized the Plaintiff's ability to appeal the case by taking her constitutional rights away but not letting her file any Motions or Pleading due to the Judges Court abomination order. Geraci

was deprived the ability to preserve legal errors on the record for the appeals process. These

actions by the Defendant ultimately denied the Defendant of her sixth amendment rights.

6.20 Defendants Bentzin, Gomillion and Borne threatened Plaintiff with criminal contempt in the

case if she dared utter a word about the appeals process, statements against the Prosecutor's

related to withholding evidence and any inflammatory statements with regards Defendant

Borne's and/or City of Austin Police Departments actions, customs and patterns related to her

first amendment retaliation complaints.

**1983 - Supervisory Liability:**

6.21 In addition to her claims against the named Defendants.  The Plaintiff is suing Defendants,

Hart, Adler, Acevedo, Barger and Gonzalez for supervisor liability.  Defendant's, Morgan,

Barger, Acevedo and Gonzalez their own conduct denied Plaintiff Geraci her constitutional

rights. In this case, Plaintiff Geraci contends that Hart, Adler, Acevedo, Gonzalez and Barger

violated her constitutional rights by implementing unconstitutional policies that caused the

constitutional violation along with failing to train and/or supervise Defendants, Morgan, Bentzin,

Gomillion, Dozier and Borne.   Plaintiff Geraci will prove by a preponderance of the evidence

that employees under Defendants, Hart's and Adler's supervision violated her constitutional

rights; Defendant Hart and Adler implemented unconstitutional policies and failed to train and

supervise Morgan and Bentzin. The implementation of unconstitutional failure to supervise

caused the violation of the Plaintiff Geraci's rights; and Defendant, Hart and Adler acted with

deliberate indifference.  The Defendants Hart's and Adler's failure to supervise Defendant

Morgan violated her constitutional rights. Plaintiff Geraci will prove the Defendant Hart and

Alder that a lack of supervision of the City Attorney would cause employees to violate the

constitutional rights of members of the public they encounter, but Defendants nevertheless chose

to retain that program of using private practice attorneys to prosecute criminal cases. The Plaintiff will show a pattern of similar constitutional violations by improperly supervised employees working in the City Prosecutors office and private party attorney, Subasinghe.

6.22 Similarly, the Plaintiff will prove the same elements listed above against Defendant Hart ad Alder for failing to supervise the Hubert Acevedo to prevent him from his failure to properly supervise the Austin Police Department.

6.23 Similarly the Plaintiff will prove the same elements listed above against Defendant Acevedo for failing to supervise the Defendants Gonzalez and Barger to prevent the individual police officers from harassing, bullying and detained Geraci and filing false criminal charges against Geraci.

**1983- Municipal Liability**

6.24 In addition to her claims against named Defendants, the Plaintiff Geraci is suing the City of Austin for conspiracy.  The City is liable for the actions of its employees because the constitutional violation was caused by the City of Austin policies and customs of allowing private attorneys to represent the City of Austin in criminal matters.  The City of Austin had an existing official custom of entering into written contracts with private party attorneys. Defendants, Mayor Adler, City Manager Hart and City Attorney, Anne Morgan from the City knew about the policy/custom of using the private party attorneys to prosecute criminal cases. The policymakers, Defendants, Morgan, Adler and Hart were deliberately indifferent; and the policy/custom was the moving force leading to the constitutional violations listed in this suit.

6.25 In addition to her claims against named Defendants, the Plaintiff is suing the City of Austin for having a custom and practice of harassing, bullying, falsely arresting and charges against citizens that are community police accountability activists.  The City is liable for the actions of

its employees because the constitutional violation was caused by the City of Austin policies and

customs of allowing the Austin Police Department to engage in these practices. The City Austin

and the City of Austin Police Department had an existing official custom and practice of

harassing, bullying, falsely arresting and charges against citizens that are community police

accountability activist. Defendants, Mayor Adler, City Manager Hart, Chief Art Acevedo,

Prosecutor Bentzin and Prosecutor Gomillion from the City knew about the policy/customs of

the Austin Police Departments. There are mounds of evidence that will prove the City of Austin

Police Departments customarily participated in an existing official custom and practice of

harassing, bullying, falsely arresting and charges against citizens that are community police

accountability activist which includes the Plaintiff. The policymakers, Defendants, Morgan,

Adler, Hart, Bentzin and Acevedo were deliberately indifferent; and the policy/customs were the

moving force leading to the constitutional violations listed in this suit.

**Section 1983 – Malicious Prosecution**

6.26 Plaintiff Geraci claims that Defendant Borne violated Plaintiff's Fourth Amendment rights

by initiating the prosecution of Plaintiff for traffic violations for allegedly speeding on

September 8, 2015 and March 21, 2016. The Plaintiff Geraci also claims that Defendant Dozier

violated Plaintiff's Fourth Amendment rights by initiating the prosecution of Plaintiff for a

traffic violation for allegedly speeding on June 15, 2015. The Plaintiff illegally received three

false traffic issued citations from Defendants Borne and Dozier.

6.27 To establish this claim of malicious prosecution, Plaintiff must prove the following things

by a preponderance of the evidence:

First: Defendant, Borne and Dozier initiated the criminal proceeding against Plaintiff Geraci

Second: Defendant, Borne and Dozier lacked probable cause to initiate the proceeding due to the

preponderance of the evidence that will show the allegation of speeding was obtained through fraud,

harassment, lack of training, faulty radar equipment, perjury and corruption.

Third: The criminal proceeding after the appeals process was exhausted ended in Geraci's favor

in May 2017.  The criminal citation was removed from Geraci's driving record of May 2017.

Also, because of this illegal prosecution and conviction it deprived the Plaintiff of her due

process right to defend herself against a crime.  The Plaintiff would have been afforded the right

to plea not guilty for the June 15, 2015 and March 21, 2016 traffic citations.  The Plaintiff was

forced to take plea deals to the criminal conviction on her driving record.  Any other convictions

would have severely deprived her life and liberty because it would have resulted in loss of

employment and driving privileges since Geraci operates a motor vehicle for company business.

Geraci's employer's policies prohibit company employees form operating motor vehicles with

traffic convictions because of the potential liability for negligent entrustment.

Fourth: The Defendant acted maliciously or for a purpose other than bringing Plaintiff to justice.

Defendant Borne initiated the proceeding for a purpose unrelated to bringing Plaintiff to justice.

Borne's actions were taken out of pure spite, harassment and bullying and misuse of radar

equipment. His actions of issuing traffic tickets had nothing to do with justice or Geraci breaking

the law.

Fifth: As a consequence of the proceedings, the Plaintiff suffered a significant deprivation of

liberty.

**1983- Municipality Failure To Properly Train**

6.28 The Plaintiff asserts that the City of Austin adopted a policy of inadequate training and

inadequate supervision and that this policy caused the violation of Plaintiff's civil rights. The

inadequate training and supervision led to misuse of police radar equipment. Lack of training l

and supervision led false and erroneous readings of speed violations used during the traffic stop.

In turn, this led to a false traffic citation being issued from Defendant, Borne and Defendant

Dozier.

6.29 The City of Austin is liable for the violation of Plaintiff's Fourth Amendment rights to false

arrest and Fourteenth Amendment right to due process. Plaintiff will prove each of the following

three things by a preponderance of the evidence:

1) The City of Austin's training program is inadequate to train its employees to carry out
their duties effectively when operating the Stalker radar equipment. The City failed to
adequately supervise the employees when they were using the radar equipment.

2) The City of Austin's failure to adequately train and adequately supervise amounted to
deliberate indifference to the fact that inaction would obviously result in the violation of
false arrest and detainment through issuance of several traffic citations to the Plaintiff.
Considering the duties assigned to the City of Austin police officers, there is an
indication that training needs to increase and their radar training program is inadequate.
The Austin Police Department needs to develop different methods of training to ensure
their officers are adequately training to prevent civil rights violations related to traffic
stops. This is so obvious, and the inadequacy of the City so likely resulted in the violation
of constitutional rights, that the policymakers of the City can reasonably be said to have
been deliberately indifferent to the need.

3) The City of Austin failure to adequately train and adequately supervise is the proximate
caused the violations of false arrest, detainment and false traffic citations.

6.30 The Plaintiff will prove by a preponderance of the evidence that the City of Austin Police Department knew that employees would confront this particular situation when operating radar equipment.

6.31 This situation involved the Defendant, City of Austin Police Officers mishandling and failing to operate the radar equipment accurately.

6.32 Defendant City of Austin Police Department have and will make the wrong choice by allowing the police officers in these situations to issue tickets when radar signals are creating and registering erroneous readings due to interferences in the area.

6.33 The improper training and custom, pattern and practice by the Defendants caused the Plaintiff's deprivation of constitutional rights from false arrest and detainment which resulted in false traffic citations.

## VI. Damages

### Compensatory Damages

7.1 Ms. Marianne suffered loss of liberty, mental anguish, physical and emotional injuries, pain and suffering, lost wages, lost business potential, embarrassment, humiliation, shame, indignity, damages to his reputation, and special damages he incurred or will incur, including but not limited to past present and future.

### Punitive Damages

7.2 All individuals sued are liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights.

## VI. Injunctive & Declaratory Relief

Plaintiff's constitution rights were violated by the Defendants named in this suit.   The Plaintiff also seeks injunctive & declaratory relief against any Defendant where civil damages cannot be applied or accessed where applicable by law.

## VII. Attorney's Fees

8.1 Plaintiff may retain the services of attorneys to represent her in this complex proceeding and cause of action. Plaintiff retained the undersigned attorney to represent him, pursuant to 42 U.S.C. § 1988(b) of the Federal Civil Rights Act, the Plaintiff is entitled to recover his reasonable and necessary fees, as well as reasonable and necessary expenses in pursuit of this claim, at the trial level and appellate level, up to and including any appeal to the Supreme Court of the United States, if necessary.

## VIII. Preservation Of Evidence

9.1 Plaintiff requests and demands that all Defendants in this case retain, preserve, and protect from loss, damage, discard, or destruction all physical, written or electronic items that are, or may be, evidence of the incident above described, which may form the basis of this Complaint including, but not limited to, video, recorded statements, photographs, e-mails, text messages, and personal or official notes made by any of the Officers or any administrator, employee, intern or any other person otherwise employed or contracted by the City of Austin.

### IX. Jury Demand

Pursuant to Federal Rule of Civil Procedure 38, Geraci requests a jury trial.

**Relief**

Considering the foregoing, the Plaintiff requests Judgment against Defendants, jointly and

severally as follows:


1. Compensatory damages from the Defendants, in an amount to be determined by the trier of
fact;

2. Punitive damages from the Defendants, in an amount to be determined by the trier of fact;

3. Pre-judgment and post-judgment interest;

4. Reasonable costs, expenses and attorneys' fees; and

5. All such other relief to which the plaintiff is entitled.

### X. CONCLUSION

The facts of this case shock the conscience and the Geraci prays that the Court grant the relief

enumerated above and any other relief which the Court deems just and equitable.



RESPECTFULLY SUBMITTED,


/s/: Marianne Geraci
By: Marianne Geraci, Pro Se

Marianne Geraci
P.O. Box 200703
Austin, TX 78720-0703
Cell: 512-825-9003
Mariannegeraci2@gmail.com