# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Marianne Geraci,** § | | |
| *Plaintiff* § | | |
| § | | |
| **v.** § | Case No. 1:19-CV-340-LY-SH | |
| § | | |
| **City of Austin, Steve Adler, Elaine** § | | |
| **Hart, Criminal Prosecution Division,** § | | |
| **Bianca Bentzin, Chase Gomillion,** § | | |
| **City of Austin Attorney's Office,** § | | |
| **Anne Morgan, King & Spalding,** § | | |
| **L.L.P. and Their Attorneys, S. Saliya** § | | |
| **Subasinghe, Mike Stenglein, Austin** § | | |
| **Police Officers, Hubert Acevedo,** § | | |
| **Jason Borne, Joshua Dozier, Gerardo** § | | |
| **Gonzalez, Michael Barger, Brian** § | | |
| **Manley, Christopher Davis, Jason** § | | |
| **Bryant,** § | | |
| *Defendants* § | | |

# **O R D E R**

Before this Court are Defendants' Motion to Stay Discovery, filed October 31, 2019 (Dkt. No. 35), and Plaintiff's Response, filed November 10, 2019 (Dkt. No. 36). On October 8, 2019, the District Court referred to the undersigned Magistrate Judge all pending and future discovery motions and other nondispositive motions for resolution, and all pending and future dispositive motions for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas (Dkt. No. 30).

## I. Background

Plaintiff Marianne Geraci asserts numerous civil rights claims against Defendants under 42 U.S.C. § 1983, including conspiracy, malicious prosecution, and retaliation for exercising her First Amendment right to freedom of speech. *See* Plaintiff's Fourth Amended Complaint (Dkt. No. 28).

Plaintiff alleges that she has received "four (4) traffic tickets, three (3) unwarranted traffic stops, [and] years of unwarranted surveillance." Dkt. No. 36 at 2. She seeks compensatory and punitive damages, injunctive and declaratory relief, and attorney's fees.

On October 22, 2019, Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), respectively (Dkt. No. 31). Defendants now ask the Court to stay discovery pursuant to FED. R. CIV. P. 26(c) until certain threshold issues are decided. Plaintiff opposes both Defendants' Motion to Dismiss and Motion to Stay.

## II. Legal Standards and Analysis

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

Defendants contend that Plaintiff's claims are barred by absolute, qualified, and governmental immunity, and that discovery should be stayed until the issue of immunity is decided. The

Supreme Court "has described immunity as a threshold question, to be resolved as early in the proceedings as possible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The Fifth Circuit has stated that, "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity); *Carlisle v. Normand*, 2018 WL 3474715, at *4 (E.D. La. July 19, 2018) (granting motion to stay discovery pending resolution of motions to dismiss concerning defendant's sovereign, absolute, or qualified immunity).

The undersigned finds that Defendants have established good cause for a stay of discovery of limited duration by demonstrating the existence of the threshold question whether Plaintiffs' claims are barred by immunity. Accordingly, the Court **GRANTS** Defendants' Motion to Stay Discovery (Dkt. No. 35) until **April 1, 2020**, when the stay will automatically be lifted and discovery will resume without further action by the Court if the case remains pending.

The Court emphasizes that no other deadlines in the Scheduling Order entered by United States District Judge Lee Yeakel on October 22, 2019 (Dkt. No. 33) are affected by this order, particularly including the trial setting in June 2021, when the parties must be prepared to proceed to trial.

Finally, Plaintiff is encouraged to join Defendants in consenting to referral of this case to a United States Magistrate Judge (Dkt. No. 24).

**SIGNED** on November 14, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE