IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Marianne Geraci,<br>*Plaintiff*<br><br>v.<br><br>City of Austin, Steve Adler, Elaine Hart,<br>Criminal Prosecution Division, Bianca<br>Bentzin, Chase Gomillion, City of Austin<br>Attorney's Office, Anne Morgan, King &<br>Spalding, L.L.P. and Their Attorneys, S.<br>Saliya Subasinghe, Mike Stenglein, Austin<br>Police Officers, Hubert Acevedo, Jason<br>Borne, Joshua Dozier, Gerardo Gonzalez,<br>Michael Barger, Brian Manley,<br>Christopher Davis, Jason Bryant,<br>*Defendants* | § § § § § § § § § § § § § § § § | 1:19-CV-00340-SH |

## **O R D E R**

Before the Court[1] are the following motions:

1. Defendants' Second Rule 12(b)(1)&(6) Motion to Dismiss, filed October 22, 2019 (Dkt. No. 31);

2. Plaintiff's Amended Motion for Leave of Court to Amend Pleading, filed November 19, 2019 (Dkt. No. 43);

3. Plaintiff's Motion for Reconsideration to Grant Limited Discovery, filed November 25, 2019 (Dkt. No. 48);

4. Plaintiff's Second Amended Motion for Leave of Court to Amend Pleading, filed November 25, 2019 (Dkt. No. 50);

5. Plaintiff's Motion for a Leave of Court to Amend Plaintiff's Response to Defendant's 12(b)(1) & (6), filed December 2, 2019 (Dkt. No. 55);

6. Plaintiff's Motion for a Leave of Court to File a Surreply to Defendant's Objections and Response to Plaintiff's Second Amended Motion for Leave to Amend Pleading, filed December 2, 2019 (Dkt. No. 57);

7. Plaintiff's Motion for Leave of Court to File under Seal, filed January 6, 2020 (Dkt. No. 58);

and the associated response and reply briefs.

---

[1] The parties consented to trial before a United States Magistrate Judge. Dkt. Nos. 24, 39, 46.

1

For the reasons explained below, the Court finds that Plaintiff fails to state a claim for relief, even though she has amended her Complaint four times, and that further amendment would be futile. The Court therefore **GRANTS** Defendants' Motion to Dismiss (Dkt. No. 31). All other pending motions are **DISMISSED**.

## I. Background

In her 59-page Fourth Amended Complaint, Plaintiff Marianne Geraci asserts claims pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Dkt. No. 28 at 2. The seventeen named defendants are the City of Austin; Austin Mayor Steve Adler, City Manager Elaine Hart, and City Attorney Anne Morgan; former and current Austin Police Chiefs Hubert Acevedo and Brian Manley; Austin Police Officers Jason Borne, Joshua Dozier, Gerardo Gonzalez, Michael Barger, Christopher Davis, and Jason Bryan; Austin Municipal Court Prosecutors Bianca Bentzin and Chase Gomillion; and private attorneys Mike Stenglein and S. Saliya Subasinghe and their law firm King & Spalding, L.L.P., which has "loaned" attorneys to prosecute cases on behalf of the City of Austin before the City of Austin Municipal Courts. *Id.* at 2-4 & Exh. A.

Plaintiff alleges that she is a citizen of Austin who has taken "an active approach and interest in local government," including as "an advocate for change in law enforcement with hopes to improve community policing and accountability." *Id.* at 7-8. In response to her activism, Plaintiff alleges, the Austin Police Department has subjected her to retaliation, discrimination, and surveillance since 2013. *Id.* at 8. She alleges that she

> became the subject of unwarranted surveillance, police harassment, bullying, false arrest, slander, defamation, illegal detainment without probable cause or reasonable suspicion, stalking, using the police vehicle speaker system to publicly harass her while she is driving down the roadway, following her while she [sic] jogging and issuing her multiple false/fabricated traffic citations over the course

> of a few years. . . . The Austin Police attempted to run Geraci off the road in the rain; intentionally trying to hit her head-on her street of residence; following her home after she left a restaurant on multiple occasions; parking their police vehicle in front of her house without having police official business in the area, tracking her by her cell phone and license plate, and hiding in her subdivision in multiple occasions.

*Id.* (footnote omitted). Plaintiff specifically details four traffic tickets and three traffic stops over nearly four years, from 2013 to 2017. *Id.* at 11-15. The claims Plaintiff asserts include conspiracy, malicious prosecution, inadequate supervision and failure to train and intervene, negligent hiring and retention, breach of contract, and retaliation for exercising her First Amendment right to freedom of speech. She seeks compensatory and punitive damages, injunctive and declaratory relief, and attorney's fees.

## II. Legal Standards

Defendants contend that the Court lacks subject-matter jurisdiction under Rule 12(b)(1) because all of Plaintiff's claims are barred by absolute, qualified, or governmental immunity. Governmental immunity offers complete immunity from suit and defeats a trial court's jurisdiction. *E.g., Powers v. Northside Indep. Sch. Dist.*, 662 F. App'x 306, 308 (5th Cir. 2016); *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013). It extends to political subdivisions, including cities. *Bonillas v. Harlandale Indep. Sch. Dist.*, 832 F. Supp. 2d 729, 735 (W.D. Tex. 2011).

The Court's subject-matter jurisdiction, on the other hand, is not affected by the affirmative defenses of absolute or qualified immunity; rather, those defenses implicate whether Plaintiff states a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Esteves v. Brock*, 106 F.3d 675, 676-77 (5th Cir. 1997) (finding prosecutor had absolute immunity from liability for damages under Section 1983 and affirming dismissal for failure to state a claim); *Prison Legal News v. Livingston*, No. C-09-296, 2010 WL 1610109, at *2 (S.D. Tex. April 21,

2010) ("A motion to dismiss on the basis of qualified immunity is generally evaluated under Rule 12(b)(6) rather than Rule 12(b)(1).") (citing, *inter alia*, *Collins v. Ainsworth*, 382 F.3d 529, 536 (5th Cir. 2004), and *Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996)), *aff'd*, 683 F.3d 201 (5th Cir. 2012). The Court thus construes Defendants' claim of governmental immunity under Rule 12(b)(1) and their assertion of absolute and qualified immunity under Rule 12(b)(6).

### A. Rule 12(b)(1) Lack of Subject-Matter Jurisdiction

A party seeking to challenge the court's subject-matter jurisdiction to hear a case may file a motion under Rule 12(b)(1). *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party claiming federal subject-matter jurisdiction must show that the court indeed has that jurisdiction. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). A federal court properly dismisses a case or claim for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the claims. *See Home Builders Ass'n of Miss.*, 143 F.3d at 1010.

In ruling on a Rule 12(b)(1) motion, the court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010). The trial court is "free to weigh the evidence and satisfy itself" that subject-matter jurisdiction exists. *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). When a Rule 12(b)(1) motion is filed in conjunction with other motions under Rule 12 of the Federal Rules of Civil Procedure, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

B.     **Rule 12(b)(6) Failure to State a Claim**

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.     Analysis

A.     **Governmental Immunity under Rule 12(b)(1)**

In order to hold a municipality liable for the misconduct of one of its employees, a plaintiff must allege that an official policy or custom "was a cause in fact of the deprivation of rights inflicted." *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 525 (5th Cir. 1994). To satisfy the cause in fact requirement, a plaintiff must allege that "the custom or policy served as the moving force behind the [constitutional] violation" at issue, *Meadowbriar Home For Children, Inc. v. Gunn,* 81 F.3d 521, 533 (5th Cir.1996), or that her injuries resulted from the execution of the official policy or custom, *Fraire v. Arlington,* 957 F.2d 1268, 1277 (5th Cir. 1992). The description of a policy

or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts. *Id.* at 1278.

Defendants argue that Plaintiff's clams against the City of Austin are barred by governmental immunity, contending in part that Plaintiff merely makes conclusory allegations falling far short of demonstrating a pattern of unconstitutional conduct. Dkt. No. 31 at 10. Plaintiff responds by denying that her allegations are conclusory, contending that her claims "revolve around the Defendants municipal liability as an official custom, pattern, policy or lack of a policy." Dkt. No. 44 at 11. She continues:

> Plaintiff has shown the deprivation of a federally protected right was caused by the practice and custom of the City of Austin as plead. The pattern and custom of continuous tortious and unconstitutional behavior towards Geraci as outline[d] in the facts with (7) seven acts of false arrest and years of unwarranted surveillance and encounters with Austin Police shows a very unusual/unreasonable pattern and custom of retaliatory behavior which will shock the conscience of a trier of fact.

*Id.* In support of her municipal liability claim, Plaintiff alleges in part that:

> The City of Austin is liable for constitutional violations due to a pattern and custom of Austin Police Department violating first amendment constitutional rights of free speech by false imprisonment and false arrest/inventing traffic citations against her without probable cause or reasonable suspicion. Also, they had a pattern threatening, defaming, slandering, libel, stalking, retaliating, unwarranted surveillance and continual tortious behavior for several years as supported by the facts herein. The totality of this situation shows a pattern [of] continual tortious behavior including four false arrests- traffic citations, three false imprisonments, long term unwarranted surveillance, malicious prosecution and withholding evidence shows [sic] a pattern and custom of 1st amendment right retaliation against Geraci.

Dkt. No. 28 at ¶ 6.30; *see also id.* at ¶¶ 6.31-6.35.

Considering Plaintiff's Fourth Amended Complaint in its entirety, the Court agrees with Defendants that Plaintiff's conclusory allegations are insufficient to withstand a motion to dismiss.

The actions she alleges, centering on four traffic tickets and three traffic stops, do not arise to an official city policy or custom of unconstitutional conduct. Plaintiff has not adequately alleged a basis for municipal liability, and after four opportunities to amend, "remanding the case to allow another pleading would do nothing but prolong the inevitable." *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (quotation omitted). Plaintiff's claims against the City of Austin are barred by governmental immunity and are DISMISSED for lack of subject-matter jurisdiction under Rule 12(b)(1).

### B. Absolute and Qualified Immunity under Rule 12(b)(6)

Plaintiff's claims against the remaining sixteen defendants are analyzed under Rule 12(b)(6).

#### 1. Absolute Immunity

The Court next considers Plaintiff's claims against Austin Municipal Court Prosecutors Bianca Bentzin and Chase Gomillion and private attorneys Mike Stenglein and S. Saliya Subasinghe, who prosecuted cases on behalf of the City of Austin, and their law firm, King & Spalding, L.L.P. Prosecutors enjoy absolute immunity from civil rights actions seeking damages related to "'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" *Esteves*, 106 F.3d at 677 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).

Plaintiff accuses these defendants of conspiring to deprive her of her civil rights (¶¶ 6.6-6.21), malicious prosecution (¶ 6.42), and breach of contract (¶¶ 6.52-6.54). Although Plaintiff couches some of her allegations in contract terms, at bottom they pertain to her contention that the defendants prosecuted her wrongfully. Plaintiff's claims thus fall within the absolute immunity afforded to prosecutorial actions associated with the judicial phase of the criminal process. *See generally Van de Kamp v. Goldstein*, 555 U.S. 335, 349 (2009). Plaintiff alleges no facts against

7

Defendants Bentzin, Gomillion, Stenglein, Subasinghe, and King & Spalding, L.L.P. that would destroy their absolute immunity. Her claims against these five defendants are DISMISSED.

### 2. Qualified Immunity

Finally, the Court considers the claims against Austin Mayor Steve Adler, City Manager Elaine Hart, City Attorney Anne Morgan, former and current Austin Police Chiefs Hubert Acevedo and Brian Manley, and Austin Police Officers Jason Borne, Joshua Dozier, Gerardo Gonzalez, Michael Barger, Christopher Davis, and Jason Bryan. Defendants contend that qualified immunity bars the claims against all eleven of these individual defendants (as well as the five defendants addressed in the preceding section).

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity shields from liability 'all but the plainly incompetent or those who knowingly violate the law.'" *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). An official who violates a federal right still is entitled to qualified immunity if his or her actions were objectively reasonable. *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993). Therefore, "qualified immunity represents the norm." *Harlow*, 457 U.S. at 807. Where a defendant invokes qualified immunity, the plaintiff bears the burden of showing that it does not apply. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). To do so, the plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [s]he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

In determining whether a defendant is entitled to qualified immunity, courts engage in a two-step inquiry. The first asks whether the facts, taken in the light most favorable to the party asserting the injury, show that the defendant's conduct violated a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The second asks whether the right in question was "clearly established" at the time of the violation. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). A defendant is immune if the violation is not objectively obvious, or officials of reasonable competence could disagree on the issue. *Malley*, 475 U.S. at 341.

Here, Plaintiff's claims do not satisfy the first step of the inquiry. Taken in the light most favorable to Plaintiff, the facts she alleges – four traffic tickets and three traffic stops – are not a violation of her federal rights. *See Ashcroft*, 556 U.S. at 683; *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 996 (5th Cir. 1995). Defendants Adler, Hart, Morgan, Acevedo, Manley, Borne, Dozier, Gonzalez, Barger, Davis, and Bryan thus are entitled to qualified immunity and the claims against them are DISMISSED.

## IV. Conclusion

Based on the foregoing, the Court finds that the City of Austin is entitled to governmental immunity from Plaintiff's claims; Defendants Bentzin, Gomillion, Stenglein, Subasinghe, and King & Spalding, L.L.P. are entitled to absolute immunity; and all of the other Defendants are entitled to qualified immunity. Accordingly, the Court **GRANTS** the Motion to Dismiss (Dkt. No. 31).[2]

**SIGNED** on April 2, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court finds that the Motion to Dismiss should be granted under Rules 12(b)(1) and 12(b)(6), the Court need not address Defendants' alternative arguments.